IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT A. MCCAFFERTY, | ) |
| | ) |
| Plaintiff, | ) 2:20-CV-02008-CCW |
| | ) |
| v. | ) |
| | ) |
| THOMAS W. WOLF, | ) |
| RACHEL LEVINE, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion in Limine to Exclude Expert Opinion Testimony of Peter Blank. ECF No. 26.

### **I.    Background**

In this action, Plaintiff, a restauranteur and brewer, claims that certain policies implemented by Pennsylvania's Governor and Secretary of Health to mitigate the spread COVID-19 violated his rights under the U.S. Constitution; specifically equal protection, procedural due process, and substantive due process under the Fourteenth Amendment, and the takings clause of the Fifth Amendment. Plaintiff specifically points to orders that required bars and restaurants in Pennsylvania to close for a few days or weeks at a time, and longer-duration orders limiting the number of patrons admissible at any one time and prescribing certain other restrictions—e.g. no service of alcoholic beverages unless accompanied by a meal.

On February 5, 2021, Plaintiff moved for a preliminary injunction, seeking an order preventing Defendants from "declaring or enforcing closures and prohibitions on indoor dining and alcohol sales, and limitations on capacity permitted in Plaintiff's restaurants pending final judgment of this Court." ECF No. 13 at 12. After the parties advised the Court that no pre-hearing

discovery would be needed, ECF No. 16, the Court issued an Order on February 17, 2021, setting Plaintiff's Motion for Preliminary Injunction for a hearing on March 3, 2021. ECF No. 17.

In addition to other pre-hearing submissions required by the Court's February 16 Order, Plaintiff filed the instant Motion, ECF No. 26, which seeks to exclude the Declaration, ECF No. 19, and testimony of Peter Blank ("Mr. Blank"),[1] to the extent that the Declaration and/or testimony run afoul of Federal Rule of Evidence 701(c)'s prohibition on lay opinion testimony based on "scientific, technical, or other specialized knowledge within the scope of Rule 702" or constitute hearsay within the meaning of Federal Rule of Evidence 801(c). *See, generally,* ECF No. 27. In opposition, Defendant argues that Mr. Blank's Declaration and testimony are offered to "explain why the Department of Health issued the various mitigation orders," which necessarily entails "explaining to the Court what information was available to the Department of Health's policy team at the time the decisions were made." ECF No. 30 at 2. As such, Defendants maintain, Mr. Blank's Declaration and testimony do not constitute "expert" opinion evidence. *Id.* Furthermore, Defendants contend that "because Mr. Blank will not be offering any scientific studies for the truth of the matter asserted, they do not constitute hearsay;" instead such information will be offered to demonstrate "the effect on the listener." *Id.* at 3 (citing *United States v. Edwards*, 792 F.3d 355 n.2 (3d Cir. 2015)).

**II.     Discussion**

"It is well established that 'a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004) (quoting *University of Texas*

---

[1] Mr. Blank is the "Policy Director for the Department of Health," having been appointed to that role in March, 2020. ECF No. 19 at ¶ 1. Before that, Mr. Blank had served as an "Executive Policy Specialist" in the Department of Health since 2018. *Id.*

*v. Camenisch*, 451 U.S. 390, 395 (1981)).  Indeed, "'affidavits and other hearsay materials are often received in preliminary injunction proceedings.'"  *Id.* (quoting *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986) and collecting cases).  Consequently, "[d]istrict courts must exercise their discretion in 'weighing all the attendant factors, including the need for expedition,' to assess whether, and to what extent, affidavits or other hearsay materials are 'appropriate given the character and objectives of the injunctive proceeding.'" *Id.* at 719.

After reviewing the parties' briefing and the Declaration, Plaintiff's Motion will be denied. The relaxed rules applicable to preliminary injunction proceedings weigh heavily in favor of admitting both the Declaration and Mr. Blank's testimony to allow the Court, as fact-finder, to consider in its discretion what weight the evidence proffered by the parties should be afforded.

### III.   Conclusion

For the foregoing reasons, Plaintiff's Motion is hereby DENIED.

DATED this 2nd day of March, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record